JOHN BELVEDERE et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 54976.)

Third Department, April 8, 1976

*Louis J. Lefkowitz, Attorney-General (Vernon Stuart* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Samuel Goldstein & Sons (Samuel Goldstein* of counsel), for respondents-appellants.

GREENBLOTT, J. P. Claimants were the owners of a rectangular shaped 186.232 plus or minus acre tract of vacant land in the Town of Newburgh, Orange County. The State of New York permanently appropriated the land on August 13, 1971 for the extension of Stewart Airport. The Court of Claims awarded claimants $791,000 plus interest for that appropriation.

On this appeal the State argues that the award of $4,250 per acre is excessive and not supported by the record. The claimants, on the other hand, argue that the State's highest and best use was rejected by the Court of Claims, wherefore the court must award the amount established by the claimants' appraisal absent a sufficient justification in the record for any deviation. As the decision below did not set forth justifications for the deviation, the claimants argue, the court was in error in awarding $4,250 per acre instead of the $9,500 per acre set by their appraisal. We believe that these arguments are without merit.

The appropriated property was zoned OLM—office and light manufacturing, which allows for industrial and residential development, the latter if approved by the planning board. Public electricity and telephone were available. It had a northeast line of 1,497 feet along Interstate Highway 84, a nonaccess road, and an east/southeast line of 4,442 feet abutting Stewart Airport. It also had a 50-foot frontage on a new access road and was 1/4 mile and 2/5 miles from Route 17K and the entrance/exit ramp of I-84, respectively.

Claimants' appraiser, using the market data approach, found that the highest and best use of the appropriated property was for an industrial development, and concluded that the value of claimants' property on the vesting date, August 13, 1971 was $9,500 per acre.

The State's appraiser concluded that the highest and best use was for potential residential development, although the property was zoned for office and light manufacturing. His reasons for reaching this conclusion were that there had been little industrial development in the area and that the access road was poor for industrial use. Accordingly, he relied on four recent sales of residential properties to estimate the value of the subject property for residential development purposes, and estimated the value of the appropriated land at

$1,400 per acre. He also concluded that there was little, if any, difference between the value of property zoned and used for residential purposes, and property zoned and used for industrial purposes.

The Court of Claims found that the highest and best use for the land was for office and light manufacturing. In reaching its determination of value the court relied primarily on five sales, three submitted by the claimant and two by the State. The court indicated that it was aware that the State's highest and best use was for residential development, but used two of the State's sales because the court agreed with the State's appraiser that there was only a slight variation in value between property used for industrial and residential purposes. Therefore, the court concluded that property of either zoning could be considered comparable. The court arrived at a value for the appropriated land of $4,250 per acre.

Although the experts of both the claimant and the State disagreed as to the subject property's highest and best use, we find on the basis of the State's appraiser's testimony that there was almost no difference in value of the subject property whether it was considered for residential or industrial development, which conclusion was reached by the Court of Claims, that a range of testimony was established based on a highest and best use of office and light manufacturing. While the court rejected the State's opinion of residential use, it nevertheless accepted the State's comparable values, since those values were essentially the same for both the rejected use and the accepted industrial use. Since the court's award was within the range of testimony as so established, we find no basis to disturb it.

The State contends that the award is excessive to the extent that it was higher than the amount for which claimant had sold an option on the property 18 months prior to the appropriation. This contention lacks merit, for while such a transaction has probative value, the weight of such evidence is for the trier of facts and is not conclusive on a record such as this where other comparable sales, properly adjusted, tend to establish a higher value.

The judgment should be affirmed, without costs.

MAHONEY, MAIN, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.